UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marcus Harris, Julius Caldwell, DeMarkus Hobbs, and Dana Evenson, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Chipotle Mexican Grill, Inc.,<br><br>Defendant. | Case No. 13-cv-1719 (SRN/SER)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Kent M. Williams, Williams Law Firm, 1632 Homestead Trail, Long Lake, MN 55356; Kyle Bachus and Karen O'Connor, Bachus & Schanker, LLC, 899 Wynkoop Street, Suite 700, Denver, CO 80202; and Adam S. Levy, Law Office of Adam S. Levy, LLC, P.O. Box 88, Oreland, PA 19075; for Plaintiffs.

Jennifer M. Robbins, Robins, Kaplan, Miller & Ciresi LLP, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402; John K. Shunk, Messner Reeves LLP, 1430 Wykoop Street, Suite 300, Denver, CO 80202; and Richard J. Simmons, Sheppard Mullin Richter & Hampton LLP, 333 South Hope Street, Forty-Third Floor, Los Angeles, CA 90071, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.     INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Amend the September 9, 2014 Order on Collective Action Certification to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. No. 104]. For the reasons set forth below, Plaintiffs' Motion is denied.

## II. BACKGROUND

The factual and procedural background of Plaintiffs' case is well documented in this Court's September 9, 2014 Memorandum Opinion and Order [Doc. No. 101] and the Magistrate Judge's April 10, 2014 Report and Recommendation [Doc. No. 87] ("R & R"). Briefly stated, Plaintiffs Marcus Harris, Julius Caldwell, DeMarkus Hobbs, and Dana Evenson (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege that Defendant Chipotle Mexican Grill, Inc. has a company-wide policy of requiring hourly-paid employees to work "off the clock" and without pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), and the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21–177.35.

Plaintiffs filed a motion for conditional collective action certification on October 23, 2013, seeking conditional certification of the following class:

> All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after [July 2, 2010],[1] were automatically punched off the clock and continued to work, or who otherwise worked "off the clock," resulting in non-payment of regular wages or overtime wages.

(Mem. in Supp. of Pls.' Mot. for Conditional Collective Action Certification and for Judicial Notice to Class [Doc. No. 35], at 1–2.) The Magistrate Judge issued his R & R on Plaintiffs' motion on April 10, 2014. He concluded that Plaintiffs had demonstrated a

---

[1] Plaintiffs' moving papers used October 23, 2010—three years prior to the filing of Plaintiffs' motion for conditional certification—as the relevant date. However, both the Amended Complaint and Plaintiffs' reply brief used July 2, 2010—three years prior to the filing of the original Complaint. (See Am. Compl. ¶ 54; Reply Mem. in Supp. of Pls.' Mot. for Conditional Collective Certification and for Judicial Notice to Class [Doc. No. 62], at 25.)

2

colorable basis that they are similarly situated and were the victims of a single decision, policy, or plan, albeit a narrower common policy (relating only to those hourly-paid employees who worked the closing shift) than that proposed by Plaintiffs. (Report and Recommendation dated Apr. 10, 2014 [Doc. No. 87] ("R & R"), at 15.) Among other things, the Magistrate Judge concluded that Plaintiffs are similarly situated because they are—or were—hourly employees in Defendant's restaurants, were required to work off the clock when the timekeeping system punched them out at 12:30 a.m. or were required to punch out even though they continued to work, and were prohibited from seeking pay for the hours worked after they were punched out. (See id. at 16.) As for a common policy, the Magistrate Judge concluded that "the pressure that all Chipotle restaurants must stay within the budget goals, set on a corporate level, created a corporate policy to require employees to work off the clock during closing shifts to meet those goals." (Id. at 18.) Because he found Plaintiffs' evidence to be focused on off-the-clock work during closing shifts, however, he narrowed the broad class definition proposed by Plaintiffs and recommended conditional certification of the following collective action:

> All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who, on or after October 23, 2010, were automatically punched off the clock by the Aloha timekeeping system at 12:30 a.m. and continued to work, or who otherwise worked "off the clock" during closing shifts, resulting in non-payment of regular wages or overtime wages.

(Id. at 33–34.)

Defendant filed objections to the R & R on May 12, 2014, asserting that the Magistrate Judge erred in his recommendation of conditional certification of a nationwide

collective action. (See Def.'s Objs. to the Apr. 10, 2014 R & R on Pls.' Mot. for Conditional Collective Action Certification [Doc. No. 93], at 1.) This Court reviewed <u>de novo</u> those portions of the R & R to which Defendant objected and—relevant to the present matter—determined that Plaintiffs had demonstrated a colorable claim of a common, unlawful policy in regard only to Defendant's Crystal, Minnesota restaurant. (Mem. Op. and Order dated Sept. 9, 2014 [Doc. No. 101] ("Sept. 9 Order"), at 24–25.) Accordingly, this Court conditionally certified the following collective action:

> All current and former hourly-paid restaurant employees of Chipotle Mexican Grill, Inc. who were employed at Chipotle's Crystal, Minnesota restaurant and, on or after April 10, 2011, were automatically punched off the clock by the Aloha timekeeping system at 12:30 a.m. and continued to work, or who otherwise worked "off the clock" during closing shifts, resulting in non-payment of regular wages or overtime wages.

(<u>Id.</u> at 31.)

On October 17, 2014, Plaintiffs filed the present motion, requesting that the Court amend its September 9 Order to certify the following question for interlocutory appeal to the Eighth Circuit Court of Appeals:

> Is a district court judge required to apply a "clearly erroneous or contrary to law" standard of review, rather than a <u>de novo</u> standard of review, to a magistrate judge's report and recommendation granting or denying a motion to conditionally certify a case as a collective action under the Fair Labor Standards Act[?]

(Mot. to Am. the Sept. 9, 2014 Order on Collective Action Cert. to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. No. 104], at 1.)

**III.   DISCUSSION**

While courts of appeals have jurisdiction over "all final decisions of the district courts," 28 U.S.C. § 1291, under certain circumstances, a district court may determine that an otherwise non-final order is certified for interlocutory appeal under 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

29 U.S.C. § 1292(b).  Thus, the three criteria for certification under this provision are: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that controlling question of law; and (3) certification will materially advance the ultimate termination of litigation.  White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (citation omitted).

Although the statute grants district courts the discretion to certify orders for interlocutory appeal, "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." Id. at 376 (citations and internal quotation marks omitted).  Due to this additional burden, motions for certification should be "granted sparingly and with discrimination." Id. (citations and internal quotation marks omitted).  "'The legislative history of [§ 1292(b)] . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was

not intended merely to provide review of difficult rulings in hard cases.'" <u>Union Cnty., Iowa v. Piper Jaffray & Co.</u>, 525 F.3d 643, 646 (8th Cir. 2008) (quoting <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966)).  The movant must meet a "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  <u>White</u>, 43 F.3d at 376 (citation omitted).

Plaintiffs have not met their burden in this case.  As Plaintiffs note, the Eighth Circuit has not determined whether a district judge should apply a "de novo" or "clearly erroneous" standard when reviewing a magistrate judge's report and recommendation on a motion for conditional certification of a collective action, and courts within this District have applied both standards.  <u>Compare</u> <u>Thompson v. Speedway SuperAmerica LLC</u>, No. 08-cv-1107 (PJS/RLE), 2009 WL 130069, at *1 (D. Minn. Jan. 20, 2009) (reviewing the magistrate judge's ruling on conditional certification de novo), <u>and</u> <u>Ray v. Motel 6 Operating, LP</u>, No. 3-95-828, 1996 WL 938231, at *1 (D. Minn. Mar. 18, 1996) (same), <u>with</u> <u>Saleen v. Waste Mgmt., Inc.</u>, 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (reviewing the magistrate judge's ruling on conditional certification for clear error), <u>and</u> <u>Roble v. Celestica Corp.</u>, 627 F. Supp. 2d 1008, 1015 (D. Minn. 2007) (same).  However, even if this intra-district split is sufficient to demonstrate satisfaction of the second § 1292(b) criterion, Plaintiffs' motion fails because the question proposed for certification does not involve a controlling question of law, nor would its resolution materially advance the termination of this litigation.

In regard to these criteria, Plaintiffs argue that the question posed is purely legal and non-discretionary, the Eighth Circuit's determination would have precedential value for a large number of cases, "a determination could importantly affect the conduct of this action" and the resolution of other pending actions if Plaintiffs' broader collective action is certified, and the Court will be faced with more protracted and complicated litigation if the issue is not resolved until after judgment is entered. (Mem. in Supp. of Pls.' Mot. to Am. the Sept. 9, 2014 Order on Collective Action Cert. to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. No. 106] ("Pls.' Mem."), at 5–7, 11–14.) Defendant, on the other hand, argues that "[a]lthough Plaintiffs couch the issue in terms of the standard under which the Court should have reviewed the R&R, the only potential outcome of Plaintiffs' appeal bears on conditional certification, which does not affect the resolution of this case." (Def.'s Opp. to Pls.' Mot. to Am. the Sept. 9, 2014 Order on Collective Action Cert. to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. No. 122], at 6.) According to Defendant, Plaintiffs fail to explain why the Court would reach a different result under the "clearly erroneous" standard and, even if the Court would adopt the R&R in full under that standard, whether certain individuals receive notice of this case is not a controlling question of law because the Court's original Order does not prevent them from bringing their own claims. (See id. at 7.) Moreover, Defendant argues that a successful appeal would result in delaying, rather than advancing, the litigation by adding more parties and conflicting with the notice process currently in place. (See id. at 9.)

The Court finds that, although the question of which standard of review to apply to a magistrate judge's report and recommendation on a motion for conditional certification may be a question of law, it is not controlling in this case because the Court would have reached the same conclusion in its September 9 Order under either standard of review. "To proceed with a collective action, Plaintiffs must demonstrate that they are similarly situated to the proposed FLSA class." Brennan v. Qwest Commc'ns Int'l, Inc., Civ. No. 07-2024 (ADM/JSM), 2008 WL 819773, at *3 (D. Minn. Mar. 25, 2008). At the conditional certification stage, the plaintiffs must establish "a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." Burch v. Qwest Commc'ns Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (citation and internal quotation marks omitted). In declining to adopt the R & R, this Court noted that:

> Plaintiffs' evidence is insufficient to establish a colorable basis for a nationwide collective action even under the lenient conditional certification standard. The R & R bases the finding of a corporate-wide policy to underpay employees on evidence purportedly showing that labor budgets are set at the corporate level and that pressure to stay within budget was a corporate policy. (R & R, at 17.) However, as Defendant points out, five of the six declarations upon which the Magistrate Judge relied on the latter point concern conduct only at Defendant's Crystal, Minnesota restaurant. (Objs. at 10.) Only Ms. Turner's declaration avers to facts pertaining to other locations, and those locations are limited to a few restaurants in Colorado. (See id.) The only other evidence relied upon by the Magistrate Judge consists of the Internet postings from individuals (one who is anonymous and one who does not claim to have worked at one of Defendant's restaurants) located in Victorville, California and Chicago, Illinois, although they do not identify a particular restaurant. (R & R, at 23–24.) Even assuming that both of these postings were made by current or former employees with personal knowledge, and considering them along with the declarations, "[s]uch a limited sampling of employees does not

8

> support the Plaintiffs' assertion of widespread violations resulting from a common policy or plan." West v. Border Foods, Inc., Civ. No. 05-2525 (DWF/RLE), 2006 WL 1892527, at *6 (D. Minn. July 10, 2006) (citations omitted). It does, however, support the assertion of violations resulting from a common policy at the Crystal, Minnesota location. Accordingly, this Court will approve a collective action on that basis.

(Sept. 9 Order, at 24–25.) Accordingly, this Court implicitly found that the R & R's finding of a nationwide collective action was contrary to law.[2] Therefore, even if the Eighth Circuit were to find that the "clearly erroneous" standard of review should apply in this instance, that determination would not lead to a different outcome on remand. As Defendant notes, Plaintiffs make no effort to demonstrate otherwise. And, for the same reason, an interlocutory appeal would not materially advance the ultimate termination of the litigation, but instead would cause unnecessary delay and expense. See White, 43 F.3d at 378–79 ("When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.") (citation omitted). Because Plaintiffs have failed to establish that this case falls within the exceptional and limited circumstances warranting certification under § 1292(b), Plaintiffs' motion is denied.

---

[2] In a footnote, Plaintiffs also reference this Court's narrowing of the starting date of the time period for potential opt-in plaintiffs to join the litigation, from October 23, 2010 to April 10, 2011. (Pls.' Mem., at 6 n.2.) However, as detailed in the September 9 Order, this Court found that the narrowing of the time period was dictated by the language of the FLSA and was consistent with decisions by other courts in this District and around the country. (See Sept. 9 Order, at 28–29.) In other words, this Court also implicitly found that the notice period provided in the R & R was contrary to law. Therefore, application of a "clearly erroneous" standard of review on remand would not lead to a different result regarding the notice period, either.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiffs' Motion to Amend the September 9, 2014 Order on Collective Action Certification to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. No. 104] is **DENIED**.

Dated:  November 14, 2014             s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge