UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marcus Harris, Julius Caldwell, Demarkus Hobbs, and Dana Evenson, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Chipotle Mexican Grill, Inc.,<br><br>Defendant. | Case No. 13-cv-1719 (SRN/SER)<br><br><br><br>**ORDER** |

Kent M. Williams, Williams Law Firm, 1632 Homestead Trail, Long Lake, MN 55356; Adam S. Levy, Law Office of Adam S. Levy LLC, P.O. Box 88, Oreland, PA 19075; Andrew C. Quisenberry and Jere Kyle Bachus, Bachus & Schanker, LLC, 1899 Wynkoop Street, Ste. 700, Denver, CO 80202; Kevin E. Giebel, Giebel and Associates, LLC, P.O. Box 414, Lake Elmo, MN 55402; Loren S. Foy, Michael E. Jacobs, and Thomas M. Hnasko, Hinkle Shanor LLP, 218 Montezuma Ave., Santa Fe, NM 87501, for Plaintiffs.

Adam M. Royval, Allison J. Dodd, John K. Shunk, Louis M. Grossman, Scott L. Evans, and Spencer Kontnik, Messner Reeves LLP, 1430 Wynkoop St., Ste. 300, Denver, CO 80202; Richard Simmons, Sheppard Mullin Richter & Hampton LLP, 333 South Hope St., Forty-Third Floor, Los Angeles, CA 90071; Jennifer M. Robbins and Jeffrey Sullivan Gleason, Robins Kaplan LLP, 800 LaSalle Ave, Ste. 2800, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before Court on Plaintiffs' Objections to the July 6, 2016 Order of the Magistrate Judge ("Objs.") [Doc. No. 222]. Plaintiffs object to Magistrate Judge Rau's denial of their motion to add new claims to the complaint. (See Text-Only Order dated 7/6/2016 ("July 6 Order") [Doc. No. 217]; Tr. of Hr'g held 7/6/2016 ("Hr'g Tr.") at

49–51[1] [Doc. No. 219].)  For the reasons set forth below, the Court overrules Plaintiffs' Objections and affirms the July 6 Order.

## I. BACKGROUND

On July 2, 2013, Plaintiffs Marcus Harris and Julius Caldwell filed a class-action lawsuit against Defendant Chipotle Mexican Grill, Inc. ("Chipotle") alleging violations of the Fair Labor Standards Act ("FLSA") and Minnesota Fair Labor Standards Act ("MFLSA"), seeking to recover unpaid overtime and other wages.  (See Compl. at ¶ 1 [Doc. No. 1].)  On October 22, 2013, an amended complaint was filed that added Plaintiffs Demarkus Hobbs and Dana Evenson, but maintained the same FLSA and MFLSA claims.  (See Am. Compl. [Doc. No. 31].)  Nearly a year later, this Court conditionally certified a collective action consisting of Chipotle's hourly-paid employees who worked at the Crystal, Minnesota location and who were automatically punched off the clock by a timekeeping system during night shifts.  (See Order dated 9/9/2014 at 30–33 [Doc. No. 101].)  Potential plaintiffs who fell into this conditional class were given notice of the lawsuit and their opportunity to "opt-in."  (See id.)  A total of thirty-one Chipotle employees filed consents to opt-in (collectively, the "Opt-In Plaintiffs").  (See Decl. of Kent M. Williams ("Williams Decl.") at ¶ 4 [Doc. No. 208].)

Discovery in this case was slow to progress.  The parties submitted multiple Rule 26(f) reports.  (See Doc. Nos. 20, 121, 144.)  Important here, in the last Rule 26(f) report, Plaintiffs did not indicate that they intended to amend the complaint, but proposed May 1, 2015 as the deadline for any such motion.  (Joint Rule 26(f) Report filed 3/6/2015 at 3–4,

---

[1] The Court cites to the page numbers as they appear in the transcript itself.

2

7 [Doc. No. 144].)  Magistrate Judge Rau ("Judge Rau") issued a scheduling order that, under the heading "Pleadings and Disclosures," declared that they were "Completed." (Pretrial Sch. Order dated 3/10/2015 at 1 [Doc. No. 146].)  Neither party objected to this Scheduling Order or sought clarification.  (See Hr'g Tr. at 49–50.)

In November and December of 2015, Chipotle produced the wage and hour records for the Opt-In Plaintiffs.  (Williams Decl. at ¶ 9.)  At approximately this same time, the parties jointly moved for—and received—an extension of certain discovery and motion deadlines.  (See Order Granting Joint Stip. for Ext. of Deadlines dated 12/14/2015 [Doc. No. 173].)  However, this request and the resulting order did not extend, or even expressly discuss, any deadline for filing motions to amend the pleadings.  (See id.)

It was not until May of 2016 that Plaintiffs' counsel sought to amend the complaint to "add additional state law theories of recovery for plaintiffs who may have difficulty establishing some of their damages under certain judicial interpretations of [] FLSA."  (Williams Decl. at ¶ 13.)  Specifically, Plaintiffs sought to add claims for breach of contract, unjust enrichment, *quantum meruit*, and violations of Minnesota's Payment of Wages Act to recover damages for hours that Plaintiffs allegedly worked off-the-clock, but which are not minimum wage or overtime violations covered by FLSA (collectively, the "Gap-Time Claims").  (See Proposed Sec. Am. Compl. at Counts V–IX [Doc. No. 205-2].)  Chipotle refused to consent to Plaintffs' proposed amendment.  (Williams Decl. at ¶ 13.)  Shortly thereafter, before Plaintiffs brought their Motion to Amend, Judge Rau issued an amended scheduling order that again stated that the pleadings were completed, required that fact discovery conclude by July 29, 2016, and set November 28, 2016 as the

deadline for all nondispositive motions. (See Sec. Am. Pretrial Sch. Order dated 6/16/2016 at 1–2 [Doc. No. 191].) Days later, Plaintiffs filed their Motion to Amend, looking to add the Gap-Time Claims. (See Mot. for Leave to File Consolidated Amended Sec. Class Action Compl. ("Mot. to Am.") [Doc. No. 205].)

At the hearing on Plaintiffs' Motion to Amend, Judge Rau concluded that Federal Rule of Civil Procedure 16(b)'s ("Rule 16") good cause standard applied, not Federal Rule of Civil Procedure 15(a)'s ("Rule 15") more lenient standard. (See Hr'g Tr. at 49.) Judge Rau noted that the Scheduling Orders all declared that the "pleadings" were "completed" because the parties did not indicate a need to amend and their own proposed deadline for amendment had long since passed. (Id. at 49–50.) He ultimately denied the Motion to Amend because: (1) Plaintiffs failed to exercise the necessary diligence in bringing the Gap-Time Claims; (2) Plaintiffs alleged no new facts in support of the Gap-Time Claims (suggesting those claims were knowable from the beginning); (3) more than six months elapsed between when Plaintiffs received the discovery that allegedly alerted them to the Gap-Time Claims and when they brought their Motion to Amend; and (4) fact discovery was nearly complete. (See id. at 32–33, 49–51.) Finally, Judge Rau held that even under Rule 15's more lenient standard, the Motion should be denied because of Plaintiffs' lack of diligence and the prejudice to Chipotle. (See id. at 51.)

## II.   DISCUSSION

### A. Standard of Review

"[T]he standard of review for a magistrate judge's order on nondispositive pretrial matters, such as leave to amend a complaint, is extremely deferential." Magee v.

4

Trustees of the Hamline Univ., Minn., 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013), aff'd sub nom. Magee v. Trustees of Hamline Univ., Minn., 747 F.3d 532 (8th Cir. 2014). A magistrate judge's order on a non-dispositive issue is overturned on review where it is shown that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). Only where the reviewing district court has a "definite and firm conviction" that the magistrate judge erred is a reversal warranted. See Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 943 (D. Minn. 2009).

### B. The Applicable Standard for Considering the Motion

Plaintiffs argue that Judge Rau erred by employing Rule 16's good cause standard when considering their Motion to Amend. (See Objs. at 6–9.) Specifically, Plaintiffs contend that the Scheduling Orders were ambiguous because they failed to explicitly set a date by which motions to amend the pleadings would be heard and instead described the pleadings as "completed." (See id. at 7–8.) Thus, Plaintiffs argue that Rule 15's more lenient amendment standard should apply. (See id. at 8–9.)

Under Rule 15, "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 provides, in relevant part, that courts must issue scheduling orders that "limit the time to . . . amend the pleadings, . . . and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once deadlines are set, the schedule may only be modified for good cause. Fed. R. Civ. P. 16(b)(4); see Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional. To permit district courts to consider motions to amend

5

pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively [] read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (quotations omitted)).  Some courts—in other districts—however, employ Rule 15's more lenient amendment standard where a scheduling order, or the parties' proposed schedule, is ambiguous about when a motion to amend the pleadings must be brought.  See Morello v. AMCO Ins. Co., No. 11-CV-06623-WHO, 2014 WL 1647593, at *3 (N.D. Cal. Apr. 23, 2014); Todd v. Tempur-Sealy Int'l, Inc., No. 13-CV-04984-JST, 2015 WL 5064076, at *1 n.2 (N.D. Cal. Aug. 26, 2015).

Here, Judge Rau's Scheduling Orders were not ambiguous.  Rule 16 requires that scheduling orders limit the time to amend the pleadings and file motions.  Fed. R. Civ. P. 16(b)(3)(A). Tellingly, the Rule distinguishes between amending the pleadings and other motions.  Id.  Pursuant to Rule 16's requirement, courts in this District regularly set a deadline for amending the pleadings under the heading "Pleadings and Disclosures," while setting a separate deadline for other nondispositive motions.  Plaintiffs were apparently aware of this practice since their own Rule 26(f) reports proposed a May 1, 2015 deadline for motions to amend—a deadline separate and distinct from the one they proposed for nondispositive motions.  (See, e.g., Joint Rule 26(f) Report and Proposed Scheduling Order Filed 2/20/2015 at 9.)   Even if an attorney were unfamiliar with the practices of this District, Judge Rau's Scheduling Orders were clear.  When those Orders declared that the "pleadings" were "completed," the only reasonable understanding was

that the time for amending the pleadings had passed.[2]

### C. Amendment Under Rule 16

Plaintiffs argue that amendment is warranted even under Rule 16's good cause standard. (See Objs. at 11–13.) They contend that the impending close of fact discovery was "not a particularly relevant point, since no additional discovery is needed."[3] (Id. at 12.) Furthermore, Plaintiffs argue that any delay in bringing their Motion to Amend, as well as any delay resulting from that amendment, is not their fault because it was impossible for them to discover the gap-time damages issue until Chipotle produced the Opt-In Plaintiffs' wage and hour records in late 2015. (Id.) Chipotle disagrees and argues that Plaintiffs failed to diligently pursue or assert their Gap-Time Claims. (See Def.'s Resp. in Opp. ("Def.'s Opp.") at 5–7 [Doc. No. 223].) Chipotle notes that Plaintiffs' argument—that no new facts, allegations, or discovery are necessary to support the Gap-Time Claims—suggests that those claims were evident long before Chipotle produced the Opt-In Plaintiffs' wage and hour records. (Id. at 7–8.) Chipotle also contends that if the Gap-Time Claims are allowed, more discovery will be required, prejudicing Chipotle and further delaying the case. (See id. at 10–12.)

---

[2] Even if Rule 15's amendment standard applied, it would not alter the outcome here. Although amendment is liberally allowed under Rule 15, denial of a motion to amend is appropriate when justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001) (quotations omitted). As discussed in more detail below, Plaintiffs were not diligent in asserting the Gap-Time Claims. Allowing them to add those claims would further delay this case and cause additional prejudice to Chipotle by requiring more discovery.

[3] Fact discovery closed pursuant to the Scheduling Order on July 29, 2016, shortly after Judge Rau denied Plaintiffs' Motion to Amend.

The moving party's diligence in seeking amendment is the primary focus of Rule 16's good cause standard, but prejudice to the nonmoving party is also relevant. As the Eighth Circuit explained:

> The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.

Sherman, 532 F.3d at 716–17 (quotations and citations omitted). The good cause standard is "exacting" and demands that despite the moving party's diligence, the amendment could not reasonably have been brought within the timeframe set by the scheduling order. Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 581–82 (D. Minn. 1999). "It hardly bears mention, therefore, that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" (Id. at 582 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). When the moving party should reasonably have discovered the claim or defense it seeks to add is highly relevant to assessing diligence. See Sherman, 532 F.3d at 717–18; Lollie v. Johnson, 159 F. Supp. 3d 945, 966 (D. Minn. 2016).

Here, Plaintiffs fail to present any compelling argument as to why the Gap-Time Claims were not brought sooner. Plaintiffs' assertion that they could not have discovered the Gap-Time Claims until late 2015, when Chipotle disclosed the Opt-In Plaintiffs' wage and hour records, is belied by their argument that no new facts, allegations, or discovery are necessary to support the Gap-Time Claims. Indeed, the "gap" in FLSA coverage for some wage and hour claims, along with the resulting need to plead

common-law claims to recover the damages in those instances, has been evident for many years. See, e.g., Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1282 (4th Cir. 1996) (identifying the "gap" in FLSA coverage for some wage and hour claims); Arnold v. State of Ark., 910 F. Supp. 1385, 1393–94 (E.D. Ark. 1995) (same); Carter v. City of Charleston, S.C., 995 F. Supp. 620, 621 (D.S.C. 1997) (same); Farris v. Cty. of Riverside, 667 F. Supp. 2d 1151, 1160–61 (C.D. Cal. 2009) (same); Niendick v. City of Salem, No. 1:11CV00043 SWW, 2012 WL 1739858, at *3 (E.D. Ark. May 16, 2012) (same); Davenport v. Charter Commc'ns, LLC, No. 4:12CV00007 AGF, 2013 WL 992328, at *1–2 (E.D. Mo. Mar. 13, 2013) (noting the plaintiff's use of common-law claims for breach of contract, unjust enrichment, and *quantum meruit* to recover "gap-time" damages unavailable under FLSA and rejecting the defendant's argument that these gap-time claims were duplicative of FLSA); Nobles v. State Farm Mut. Auto. Ins. Co., No. 2:10-CV-04175-NKL, 2011 WL 5563444, at *1–2 (W.D. Mo. Nov. 15, 2011) (considering the appropriate statute of limitations for the plaintiffs' gap-time claims aimed at collecting damages not covered by FLSA); Trapp v. O. Lee, LLC, 918 F. Supp. 2d 911, 914 (E.D. Mo. 2013) (same). Even if the Court assumed Plaintiffs could not have discovered the Gap-Time Claims until late 2015, this does not explain why they waited more than six months—until more than a year after their own proposed deadline for amendment—to bring the Motion to Amend. See Sherman, 532 F.3d at 717–18 (finding no good cause where the proposed affirmative defense was discovered seven months before the defendant sought to amend); Lollie, 159 F. Supp. 3d at 967 (concluding that there was no good cause where the plaintiff discovered the claim he

9

sought to add nearly four months before bringing his motion to amend); Mountain Mktg. Grp., LLC v. Heimerl & Lammers, LLC, No. 14-cv-846 (SRN/BRT), 2015 WL 1954393, at *3–4 (D. Minn. Apr. 29, 2015) (holding that there was no good cause where the defendant discovered an unpled affirmative defense, yet waited seven weeks before seeking to amend).

Plaintiff's lack of diligence alone warrants denying their Motion to Amend. See Sherman, 532 F.3d at 717. However, the undue delay to this case and the prejudice to Chipotle also weigh in favor of denying the Motion to Amend. This case is now in its fourth year of litigation, yet fact discovery only recently concluded. Plaintiffs have had ample time to consider and review their claims. Allowing amendment to add the Gap-Time Claims, leading to further delay, would not conform to the mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1.

Moreover, if the Gap-Time Claims were allowed, Chipotle would be entitled to some additional discovery on those claims. Although the Court is skeptical of Chipotle's assertions about how much additional discovery would be necessary, Plaintiffs' contention that no additional discovery would be required is also not tenable. At a minimum, fact discovery would need to be reopened leading to additional costs and delays.

**III.    ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Objections to the July 6, 2016 Order of the Magistrate Judge [Doc. No. 222] are **OVERRULED**.

2. Magistrate Judge Rau's Order of July 6, 2016 [Doc. Nos. 217 and 219] is **AFFIRMED**; and

3. Plaintiffs' Motion for Leave to File Consolidated Amended Second Class Action Complaint [Doc. No. 205] is **DENIED**.

Dated:  October 13, 2016             s/ Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge